```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES BAILEY, | : |
| Plaintiff, | : CIVIL ACTION NO. 05-3242 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| CAROL VIVONA, et al., | : |
| Defendants. | : |

**THIS MATTER ARISES** on the in-forma-pauperis application ("application") of a non-prisoner plaintiff who appears pro se. (Applic.) See 28 U.S.C. § 1915. The Court must address the application before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The Court will grant the application.

### THE DEFENDANTS

This is an action against the defendants listed as:

(1) Carol Vivona, Richard O'Connor, Edward J. McKinna (t/n McKenna), Matrix LLC ("MLLC"), Ocean First Bank, Borough of Red Bank ("Borough"), and the State of New Jersey, all named in a previous action by the plaintiff ("Prior Defendants"), see Bailey v. Vivona, Civ. Action No. 04-5767 (MLC) ("Prior Federal Action");

(2) Martin A. McGain, Jr., identified by the plaintiff as MLLC's representative (Compl., at 3);

(3) the Red Bank Police Department, Sgt. John Riley, Sgt. Michael Clay, the Monmouth County prosecutor, and Anita Gilyard

White (t/n White-Gillyard), who appears to be an assistant Monmouth County prosecutor ("Law Enforcement Defendants"); and

(4) the Clerk of Superior Court, Monmouth County ("Monmouth Superior Clerk"), and Judge Lawrence A. Lawson.

### THE CLAIMS

The Court must (1) screen a complaint accompanying an application, and (2) dismiss it sua sponte if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). See Mariani v. United States, 212 F.3d 761, 769 (3d Cir. 2000).

### I.  Prior Defendants and McGain

The plaintiff pro se — in a rambling, twenty-four-page complaint — first seeks a judgment declaring that a judgment entered by a state court is void. (Compl., at 7-13.) The claims relating thereto are brought against the Prior Defendants and McGain. (Id. at 3-18.) The Court, following an order to show cause, dismissed the same claims in the Prior Federal Action under the Rooker-Feldman doctrine. (1-27-05 Ord. & J.) The Court stated there:

> Certain parcels of property were affected by a judgment of New Jersey Superior Court, Monmouth County, dated March 30, 1981 ("State Court Judgment"). The State Court Judgment was (1) issued in a proceeding "to foreclose in rem certain tax sale certificates," and (2) executed by the state court Clerk. It . . . forecloses on a parcel owned by the plaintiff's father, Leon Pitts

("Parcel"). The Borough conveyed the Parcel to MLLC, and a deed was recorded ("MLLC Deed"), in July 2004.

The plaintiff claims he is the Parcel's true owner because Pitts conveyed it to him by "a quick [sic] claim deed" dated November 19, 2004 — four days before he brought [the Prior Federal Action]. He claims also:

> The MLLC Deed was prepared by O'Connor . . . and was signed by Borough Mayor, [McKenna] and the Borough Clerk, [Vivona]. In effect, such parties . . . conveyed rights and title to private property which is not nor has ever been owned by the Borough or such individuals.

> The MLLC Deed purports that the Borough acquired the property via a Final Judgment in an In Rem Proceeding, dated June 4, 1981 under Docket Number F-2382-80.

> The so called "Final Judgment" . . . is neither final nor a judgment within the generally held definitions given in law and common law. And was void and as a matter of form and course, from the point of it's [sic] fraudulent inception.

The plaintiff claims further that (1) "an employee of the Clerk's Office does not have the legal authority to enter final relief in an in rem proceeding pertaining to the foreclosure of a tax certificate sale," and (2) "[n]o Judge of the Superior Court has ever entered an Order foreclosing such rights of interest [sic] parties. Accordingly, the 'Judgment' was rendered in the absence of jurisdiction." The plaintiff also asserts that the defendant State of New Jersey "cause [sic] spurious documents, liens and assignments or rights to generate against the plaintiff's property in violation of his right to due process and equal protection."

A federal court lacks jurisdiction over claims that either were or could have been raised in state proceedings, where the losing party may seek review through the state appellate process and, if warranted, certiorari to the United States Supreme Court. D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923). A losing party may not "seek[] what in substance would be appellate

3

> review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).
>
> The plaintiff here may seek further review of the state court judgment through the state courts. See N.J.Ct.R. 4:50 (concerning relief in state court from void state court judgment). Also, he may seek further review through the state appellate courts and, if warranted, certiorari to the United States Supreme Court. . . .
>
> The plaintiff opposes dismissal of the complaint, and separately moves "for relief from a void judgment pursuant to Federal Rule [of] Civil Procedure 60(b)(4) and full faith and credit clause of the federal constitution." He also attempts belatedly to expand his claims to include a second judgment of New Jersey Superior Court, Monmouth County, dated January 13, 2000 ("Second Judgment"). The defendants support dismissal of the complaint.
>
> The plaintiff, inter alia, argues that the Court "must first give validity to the so called final judgment" and "determin[e] that the so called 'Final Judgment' was not void" to apply the Rooker-Feldman doctrine. That is not correct, as an analysis of jurisdiction is independent of the merits of the claims at issue.
>
> The plaintiff's arguments are without merit. If he wishes to challenge the State Court Judgment and the Second Judgment, he must do so through the state courts. Thus, the Court will grant the order to show cause and dismiss the complaint under the Rooker-Feldman doctrine.

(1-27-05 Mem. Op., at 1-4 (cites omitted).)

The repeated claims here against the Prior Defendants and McGain — in view of the Court's determination in the Prior Federal Action — are barred by the doctrine of collateral estoppel, or issue preclusion. That doctrine is invoked when:

> (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted

4

>was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

Bd. of Tr. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

Any new claims brought against the Prior Defendants and McGain — (1) to the extent they can be discerned from the complaint, and (2) again, in view of the Court's determination in the Prior Federal Action — are barred by the doctrine of res judicata, or claim preclusion. That doctrine:

>will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984) (stating judgment has "preclusive effect" by "foreclosing relitigation of matters that should have been raised in an earlier suit," and thus "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit").

The Court, if not dismissing the claims against the Prior Defendants and McGain under the collateral-estoppel and res-judicata doctrines, would dismiss them under the Rooker-Feldman

doctrine.  (1-27-05 Mem. Op., at 2-4.)[1]  Thus, for all of the reasons discussed supra, the Court will dismiss the complaint insofar as asserted against the Prior Defendants and McGain as frivolous, as malicious, and for failing to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## II. Law Enforcement Defendants

The plaintiff asserts as to the Law Enforcement Defendants:

> [Riley and Clay] falsely accused The Plaintiff of criminal charges based upon perjured testimony of Clay.  The same causing a false and malicious prosecution to ensue in the Superior Court for Monmouth County, New Jersey.  See Indictment No. 05-01-0204 and Case No. 04-5242.
>
> To wit: On or about January 25, 2005, the Grand Jury of Monmouth County returned in open court a true bill indictment against The Plaintiff . . . for the charge of N.J.S.A. 2C:12-1b(1), Aggravated Assault.  The assault charge apparently stem [sic] from an event which occurred in May of 2004, when an individual known as Pfunk . . . was taken from [the Parcel] by paramedics to [a hospital] in a semi conscience [sic] state.  Riley falsely alleged that he overheard a conversation in which The Plaintiff was implicated as a person causing injury to . . . Pfunk.  Clay falsified public records to create and prevaricate false evidence against The Plaintiff and maliciously cause unlawful process to initiate against The Plaintiff. . . . Clay would later swear out a complaint alleging that the Plaintiff repeatedly struck the victim about the body causing serious bodily injury.

---

[1] "[A]s with claim preclusion and issue preclusion, Rooker-Feldman bars [(1)] actions brought by parties in privity with the parties in the state action," and (2) "both the parties to the state action and persons in privity with those parties from relitigating in federal court the issues decided in state court." Marran v. Marran, 376 F.3d 143, 151-52 (3d Cir. 2004).  The plaintiff is in privity with his father in this instance, and thus is barred from bringing this action.

> None of which actually happened, and no evidence in the record suggest [sic] that any similar event occurred. The conduct of Clay represents perjury and official misconduct.  The same, such perjury was the cause of a criminal complaint to issue against The Plaintiff. . . .
>
> Pfunk informed Clay that he was jumped by some juveniles in Long Branch, New Jersey.  The State court prosecutor, who presented this case to the Monmouth County Grand Jury, neglected to inform the Grand Jury of the so called victim's position related to his injuries and consequently procured an indictment against The Plaintiff.  The state prosecutor offer [sic] a plead [sic] bargain deal of 7 years in prison, no early release.  This offer and indictment, in the absent [sic] of any actual evidence, either direct or indirect, represents a malicious prosecution and a false arrest which names [Gillyard], Clay and Riley as defendants.

(Compl., at 19-20 (cites and numbers omitted).)  He also alleges that the Law Enforcement Defendants are involved in a scheme with MLLC to deprive him of the Parcel.  (Id. at 21.)

**A.   Monmouth County Prosecutor and Gillyard**

The claims asserted against the Monmouth County prosecutor and Gillyard, both of whom perform judicial or quasi-judicial functions, will be dismissed under the doctrine of absolute immunity.  See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (stating prosecutor absolutely immune for conduct associated with judicial phase of criminal process, such as bringing prosecution and presenting case); Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992) (stating prosecutor — even if without good-faith belief that wrongdoing occurred and bringing groundless charges — absolutely immune when deciding to prosecute).  See also Rose v.

7

Bartle, 871 F.2d 331, 347 n.12 (3d Cir. 1989) (stating absolute immunity protected prosecutor bringing grand jury proceedings).

The plaintiff's claims asserted as to the plea offered to him are without merit in particular, as a prosecutor's decision regarding plea bargaining is afforded absolute immunity. See Shade v. Ullman, No. 86-5874, 1986 WL 13551, at *1 (E.D. Pa. Dec. 3, 1986) (stating decision to negotiate plea agreement is decision intimately associated with judicial phase of criminal process, and therefore is function to which reasons for immunity apply with full force). "The decision whether to enter into a plea agreement or to pursue a trial is strictly within the discretion of the prosecutor." Bresko v. John, No. 03-1307, 2004 WL 180415, at *2 (3d Cir. Jan. 29, 2004).

The Court, for the reasons discussed supra, will dismiss the complaint insofar as asserted against the Monmouth County Prosecutor and Gillyard as frivolous, as malicious, for failing to state a claim on which relief may be granted, and for reasons of immunity. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**B.   Riley, Clay, and Red Bank Police Department**

The Court discerns two causes of action against these defendants: (1) false arrest; and, (2) malicious prosecution. The false-arrest claims will be dismissed because "the grand jury indictment against [the plaintiff] establishes probable cause by definition." Knight v. Bor. of Penns Grove, No. 01-4346, 2002

8

U.S.App.Lexis 22620, at *5 (3d Cir. Oct. 30, 2002) (quotes and cites omitted).  See Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) (stating same).  The malicious-prosecution claims will be dismissed as premature, as such a cause of action does not accrue until the underlying state criminal proceedings are terminated in the plaintiff's favor.  See Rose, 871 F.2d at 348-49 (stating same).  See also Hector, 235 F.3d at 156 (stating plaintiff bringing malicious-prosecution claim "must be innocent of the crime charged in the underlying prosecution").  The complaint asserts nothing as to either cause of action to persuade the Court to decide otherwise.  Thus, for the reasons discussed supra, the Court will dismiss the complaint insofar as asserted against these defendants as frivolous, as malicious, and for failing to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

   The Court — if not dismissing the claims asserted against these defendants — would terminate those claims administratively, as the plaintiff should raise those claims in the state criminal action.  The Court will not interfere in a pending state criminal action in order to consider issues that the plaintiff can raise there.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).  The requirements of Younger abstention — "(1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the

9

state proceedings afford an adequate opportunity to raise federal claims" — have been met here.  See Port Auth. Police Benv. Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992).[2]

### III. Monmouth Superior Clerk and Lawson

The plaintiff alleges as to these defendants:

> The Plaintiff in the criminal prosecution, specified above, has exercised his right to proceed without counsel.  Plaintiff has filed several motions requesting access to the discovery file, and grand jury minutes.  This access was denied by Judge Lawson in an Order dated May 2, 2005, stating a pro se defendant is not permitted under local rule and state law to access such material without counsel.  That The Plaintiff has filed six motions with the clerk of the criminal division case management and each of his motions were destroyed without allowing the presiding Judge, Patricia Cleary, to examine such motions and make appropriate rulings on the merit.  Several of the motions set forth a basis for case dismissal. . . . The Plaintiff was told by Lance [last name unknown] that he was not allowed to submit any more motions, and if he did, they would not be returned but placed in the garbage.  The plaintiff was also told by Rose [last name unknown] that he could not access the grand jury minutes without the permission of the State Prosecutor, who has since consented to make arrangements to transcribe and delivery copy of the minutes to The Plaintiff.

(Compl., at 21-22.)

---

[2] The Court would either dismiss or abstain as to the false-arrest and malicious-prosecution claims insofar as asserted against the Monmouth County Prosecutor and Gillyard — if not dismissing them under absolute immunity — for the same reasons as the Court has raised as to the claims insofar as asserted against Riley, Clay, and the Red Bank Police Department.

The plaintiff, as to these defendants, seeks "to enjoin the criminal prosecution specified as Indictment No. 05-01-0204 and Case No. 04-5242." (Id. at 23.)

The Court will dismiss the complaint insofar as asserted against Lawson under the absolute-immunity doctrine, as the alleged conduct concerns judicial acts. Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

The claims asserted against the Monmouth County Clerk also will be dismissed under the absolute-immunity doctrine. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-36 (1993) (extending absolute immunity to court clerks); Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975) (recognizing clerk absolutely immune when performing discretionary act or function at judge's direction); Marcedes v. Barrett, 453 F.2d 391, 391-92 (3d Cir. 1971) (extending immunity to court clerk and staff); Davis v. Phila. Cty., 195 F.Supp.2d 686, 688 (E.D. Pa. 2002) (stating judicial or quasi-judicial immunity applies to court clerk).

The claims seeking to enjoin the criminal prosecution also are barred by the doctrine of Younger abstention. "[F]ederal courts should refrain from enjoining state criminal proceedings

except under extraordinary circumstances." Riffel v. Guarino, No. 92-4905, 1992 WL 346858, at *1 (E.D. Pa. Nov. 10, 1992) (abstaining under Younger from enjoining state criminal prosecution); Williams v. Owens, No. 87-8205, 1988 WL 1164, at *1 (E.D. Pa. Jan. 7, 1988) (same).  The plaintiff alleges no extraordinary circumstances here.

The Court, for the reasons discussed supra, will dismiss the complaint insofar as asserted against the Monmouth County Clerk and Lawson as frivolous, as malicious, for failing to state a claim on which relief may be granted, and for reasons of immunity.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## CONCLUSION

The Court will dismiss the complaint and direct the Clerk of the Court to mark the action as closed.  The Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

12